UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 15-mc-00023-GLS-CFH

JOHN DOE,

      Plaintiff/Judgment Creditor,

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

      Defendants/Judgment Debtors, and

BANK OF NEW YORK MELLON,

      Respondent.

_____/

**THIRD-PARTY CLAIMANTS GRUPO AROSFRAN EMPREENDIMENTOS E PARTICIPACOES SARL'S AND OVLAS TRADING, S.A.'S ANSWER TO RESPONDENT BANK OF NEW YORK MELLON'S COUNTERCLAIM AND THIRD PARTY PETITION IN INTERPLEADER**

Third-Party Claimants Grupo Arosfran Empreendimentos E Participacoes SARL ("Grupo Arosfran") and Ovlas Trading, S.A. ("Ovlas Trading") (collectively, "Claimants") hereby respond to Respondent Bank of New York Mellon's ("BNYM") Petition in Interpleader (DE 18) (the "Interpleader").

Claimants are entitled to intervene as a matter of right because they are the owners of the assets in question, which are held at BNYM.  C.P.L.R. § 5225(b).  It is undisputed that neither Plaintiff John Doe, nor the identically-situated Stansell Third-Party Respondents (hereinafter "the Stansell Respondents") holds a judgment against Claimants.  Instead, Plaintiff and the Stansell Respondents seek the turnover of Claimants' funds under the Terrorism Risk Insurance

Act ("TRIA"), Pub. L. No. 107-297, to satisfy judgments that each of Plaintiff and the Stansell Respondents obtained against another entity, a Colombian narco-trafficking terrorist organization known as the Revolutionary Armed Forces of Colombia-People's Army (the "FARC").  It is undisputed, however, that Claimants do not belong to the FARC; indeed, Claimants have never had any relationship of any kind with the FARC.  Claimants' funds should therefore not be used to satisfy Plaintiff's or Third-Party Respondents' judgment against the FARC.

The theory advanced by the Plaintiff and the Stansell Respondents is that Claimants allegedly have some relationship with a different terrorist organization known as Hezbollah, which, in turn, allegedly is an "agency or instrumentality" of the FARC, and, therefore, that Plaintiff and the Stansell Respondents can treat each Claimant as an "agency or instrumentality" of the FARC, for purposes of enforcing against Claimants the judgments against the FARC.

This theory fails for three reasons.  *First*, Claimants have no relationship with Hezbollah.  *Second*, Hezbollah is not an agency or instrumentality of the FARC.  *Third*, even if Plaintiff and the Stansell Respondents could carry their burden of proving both of those allegations, it still would not meet their burden of proving that each Claimant *itself* is an agency or instrumentality of the FARC.  The Plaintiff's Petition for Turnover (DE 4, 8) should therefore be dismissed.

In the alternative, the Claimants respectfully request a trial to resolve these issues, as required by N.Y. C.P.L.R. §§ 5225, 5239 ("Where there appear to be disputed questions of fact, the court shall order a separate trial.").

- i -

## TABLE OF CONTENTS

I.      Introduction.................................................................................................................1

II.     Although the Interpleader is Necessary to Bring all Parties Before the Court, the Plaintiff's Petition Should be Dismissed ..........................................................................3

III.    Conclusion ..................................................................................................................5

ActiveUS 149300111v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*John Doe v. Ejercito de Liberacion Nacional*,
    No. 10-21517-CIV-HUCK (S.D. Fla. 2012)................................................................................6

*John Doe v. Ejercito de Liberacion Nacional*,
    Case No. 15-CV-08652 (S.D.N.Y. 2015) ................................................................................3

*Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*,
    8:09-CV-2308-RAL-MAP (M.D. Fla. 2015)...........................................................................2

*Stansell v. Revolutionary Armed Forces of Colombia*,
    No. 15-CV-06826 (N.D. Ill. 2015) .......................................................................................3, 4

**Federal Statutes**

Pub. L. No. 107-297..................................................................................................................1, 2

**State Statutes**

C.P.L.R. §§ 5225, 5239, 304, and 2102..................................................................................1, 6

**Rules**

Fed. R. Civ. P. 69, 12(b)(6)..........................................................................................................6

N.D.N.Y. R. 7.1 ............................................................................................................................6

ActiveUS 149300111v.3

## MEMORANDUM OF LAW

### I.      Introduction

Claimants are entitled to intervene as a matter of right because they are the owners of the

assets in question, which are held at BNYM.  C.P.L.R. § 5225(b).  BNYM filed the Interpleader

because the John Doe Plaintiff here failed to bring all parties with a potential interest in the

Claimants' assets before the Court through his Petition for Turnover, DE 8.  In particular, the

Interpleader was necessary to bring before this Court another group of plaintiffs from identical

litigation in Illinois, the Stansell Respondents, who claim an interest in the same assets claimed

by the Plaintiff here.  The Stansell Respondents have made an appearance and responded to the

Interpleader on October 3, 2015.  DE 24.

The John Doe Plaintiff and the Stansell Respondents have both obtained a judgment—not

against Claimants—but against a Colombian narco-trafficking terrorist organization known as

the FARC in 2010.  *Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*,

8:09-CV-2308-RAL-MAP (M.D. Fla. June 15, 2010).  They have no judgment against

Claimants.  This is not disputed by any party to this litigation.

The John Doe Plaintiff and the Stansell Respondents have also pursued a litigation

strategy that involves seeking the turnover of Claimants' funds under TRIA, Pub. L. No. 107-

297, to satisfy their judgment against the FARC.  In fact, the John Doe Plaintiff and the Stansell

Respondents have engaged in a race around the country to be the first to file their actions against

certain of Claimants' assets in blocked accounts.  First, the Stansell Plaintiffs brought a case

seeking Claimants' assets in the Middle District of Florida by obtaining *ex parte* writs of

garnishment against the assets in early 2015 (before Claimants had an opportunity to appear and

contest the allegations), which that Court subsequently vacated for lack of jurisdiction.  *Stansell*

*et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*, 8:09-CV-2308-RAL-MAP

- 1 -

(M.D. Fla., July 22, 2015) (vacating writ and dismissing for lack of jurisdiction).  Next, the John

Doe Plaintiff registered his judgment in this Court, DE 1, and in the Southern District of New

York, both districts in which the Claimants' accounts in question are maintained by various

banks, as part of John Doe Plaintiff's effort to obtain a writ of execution against the same assets.

*John Doe v. Ejercito de Liberacion Nacional*, Case No. 15-CV-08652 (S.D.N.Y. 2015).  Finally,

in another attempt at forum-shopping, the Stansell Respondents re-filed their Florida case in the

Northern District of Illinois—a venue with no connection to the case or the assets—apparently

because they prefer the case law or procedural rules in the district to those in New York, and

because they lost the race to file first in New York.  *Stansell v. Revolutionary Armed Forces of*

*Colombia*, No. 15-CV-06826 (N.D. Ill. 2015).

It remains undisputed—by any party, including the John Doe Plaintiff and the Stansell

Respondents—that Claimants are not a part of the FARC.  Indeed, Claimants have never had any

relationship of any kind with the FARC.  Claimants' funds should therefore not be used to satisfy

Plaintiff's or the Stansell Respondents' judgment against the FARC.

Plaintiff's and Stansell Respondents' theory is that Claimants allegedly have some

relationship with a different terrorist organization known as Hezbollah, which, in turn, allegedly

is an "agency or instrumentality" of the FARC, and, therefore, that each Claimant itself should

be deemed to be an "agency or instrumentality" of the FARC through these alleged indirect

relationships, such that Plaintiff John Doe and the Stansell Respondents can enforce against

Claimants their respective judgments against the FARC.

The theory advanced by Plaintiff and the Stansell Respondents fails for three reasons.

*First*, Claimants have no relationship with Hezbollah.  *Second*, Hezbollah is not an agency or

instrumentality of the FARC.  *Third*, even if Plaintiff and the Stansell Respondents could carry

their burden of proving both of those allegations, it still would not meet their burden of proving

ActiveUS 149300111v.3

that each Claimant *itself* is an agency or instrumentality of the FARC.  The Plaintiff's Petition

for Turnover should therefore be dismissed.

**II.     Although the Interpleader is Necessary to Bring all Parties Before the Court, the Plaintiff's Petition Should be Dismissed**

BNYM has filed an Interpleader, DE 18, which is necessary to bring all interested parties

before this Court, including the Stansell Respondents, who have filed a copycat action in the

Northern District of Illinois involving the same assets at issue here. *Stansell v. FARC*, No. 15-

CV06826 (N.D. Ill. 2015).  Although the Interpleader is necessary to consolidate related actions

in a single forum, Claimants deny the allegations in the Plaintiff's Petition, DE 8, and in the

Stansell Respondent's response, DE 24, and contend that, regardless of the forum, this action

should be dismissed on the merits, as described at length in Claimants' brief filed today (which

Claimant incorporates by reference), in opposition to the Plaintiff's Petition.  Below, Claimants

respond further to particular paragraphs in BNYM's Interpleader, DE 18, beginning with

paragraph 39 on page 8:

[39.].   Denied in part.  Claimants have an interest in the blocked accounts and deny that

they are agencies or instrumentalities of the FARC, as described at length in Claimants'

opposition to the Plaintiff's Petition; Claimants support BNYM's attempt to bring all interested

parties before a single Court to adjudicate the merits and avoid inconsistent rulings in various

courts.

40.     Denied in part.  Claimants reserve the right to challenge these actions on

additional grounds, including but not limited to lack of jurisdiction.

41.-44. Admitted based on knowledge and belief.

45.     Without knowledge.

ActiveUS 149300111v.3

46.-47.  Denied in part.  Claimants deny that they were properly designated as SDGTs and deny that they are agencies or instrumentalities of the FARC.  Claimants note that the Florida district court issued its "finding" in an *ex parte* proceeding, before Claimants had any opportunity to be heard, and that the finding was subsequently vacated for lack of subject matter jurisdiction.

48.-50. Without knowledge.

51.-56. Admitted based on knowledge and belief.

57.-58. Without knowledge.

59.       Denied in part.  Claimants deny that they were properly designated as SDGTs and deny that they are *agencies* or instrumentalities of the FARC.

60.-61. Without knowledge.

62.-63. Admitted.

64.       No response required.

65.       Denied in part.  Claimants contend that the assets in question belong only to Claimants and that no other party has a valid claim to the assets or the accounts in which they are held.

66.       Denied in part.  Claimants deny that they were properly designated as SDGTs and deny that they are *agencies* or instrumentalities of the FARC.

67.-68. Admitted in part.  Claimants argue that no other party is entitled to the funds because Claimants are not agencies or instrumentalities of the FARC.

69.  Without knowledge.

## AFFIRMATIVE DEFENSE

Claimants deny all allegations made against them in Plaintiff's Petition for Turnover (DE 4, 8) and the Stansell Respondents answer to the Interpleader (DE 24) and incorporate by

- 4 -

- 5 -

reference all arguments and denials made in Claimant's opposition to the Petition for Turnover filed today.

## III.     Conclusion

WHEREFORE, Claimants request that Plaintiff's Petition for Turnover (DE 4, 8) be dismissed for the reasons stated herein and in Claimant's opposition to the Petition for Turnover filed today.  In the alternative, the Claimants respectfully request a trial to resolve these issues, as required by N.Y. C.P.L.R. §§ 5225, 5239 ("Where there appear to be disputed questions of fact, the court shall order a separate trial.").

ActiveUS 149300111v.3

- 6 -

Respectfully submitted,


/s/ David W. Bowker
David W. Bowker
New York Bar No. 4200184
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6558
Facsimile:  (202) 663-6363
David.Bowker@wilmerhale.com

Attorney for Grupo Arosfran
Empreendimentos E Participacoes SARL and
Ovlas Trading, S.A.

ActiveUS 149300111v.3

- 7 -

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on the 11th day of November, 2015, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record.

/s/ David W. Bowker
Attorney
