IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,
    Petitioner/Judgment Creditor          Case No.: 1:15-mc-00023-GLS-CFH
v.          Judge: Gary L. Sharpe

EJERCITO DE LIBERACION NACIONAL ("ELN"), and
REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC),
    Defendants/Judgment Debtors
and

BANK OF NEW YORK MELLON,
    Respondent,

---

BANK OF NEW YORK MELLON,
    Third Party Petitioner,
v.
                                   **THIRD PARTY RESPONDENTS'**
KEITH STANSELL, et al.                  **REPLY TO JOHN DOE'S RESPONSE**
    Third Party Respondents.              **[DE 36]**

---

Third Party Respondents KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH JANIS, CHRISTOPHER JANIS, GREER JANIS, MICHAEL JANIS, and JONATHAN JANIS, ( "The Stansell Respondents") reply to the Response [DE 36] served by Petitioner JOHN DOE in partial opposition to their motion to transfer or dismiss [DE 24-25] the BANK OF NEW YORK MELLON ("BNYM") Third Party Complaint for interpleader.

The Stansell Respondents have absolute NDIL judgment lien priority over the alien competing creditor John Doe's proceedings in the NDNY and SDNY.  Since perfecting their NDIL judgment liens on August 5, 2015, the Stansell Respondents have repeatedly advised the garnishee banks and John Doe that under New York law, John Doe's mere service of a New York restraining notice on the garnishee banks does not create a lien. *See*, DE 25, Sec. I, pp. 6-10.  Now, with the issue of competing judgment lien priority again front and center, the garnishee banks again fail to dispute that the Stansell Plaintiffs' Citation to Discover Assets liens

have priority over John Doe's prior New York restraining notices issued under New York's CPLR § 5222.   Moreover, in their recent responses to the Stansell Plaintiffs' Requests for Admissions served on the garnishee banks on September 15, 2015, **they have now formally admitted all the operative facts establishing the priority of the lien of the Stansell Plaintiffs' on the assets held by BNYM over John Doe's later filed liens**.  On October 15, 2015, BNYM admitted the following facts:

> 1.    BNY Mellon admits that Plaintiffs served their Third Party Citation to Discover Assets with Rider on BNY Mellon on August 5, 2015.
>
> 2.    BNY Mellon admits that no other judgment creditor served it with a writ of execution, on or before August 5, 2015, naming the FARC *per se,* as distinct from instrumentalities of the FARC.
>
> 4.    BNY Mellon admits that, on or before August 5, 2015, no other judgment creditor served BNY Mellon with a writ of execution, as distinct from other forms of liens, that specifically applies to the Blocked Account, as defined herein.
>
> 5.    BNY Mellon admits that no judgment creditor had, by August 5, 2015, obtained an order directing the turnover of the funds in the Blocked Account.
>
> 9.    BNY Mellon admits that Doe served his writ of execution on BNY Mellon, in NDNY Case No. 15-mc-00023, after August 5, 2015, and specifically on August 13,2015.
>
> 10.   BNY Mellon admits that the writ of execution itself does not expressly refer to Grupo Arosfran.

*See* BNYM's admissions, Ex. 1.[1]

John Doe argues at DE 36, pp 3-4, that he has judgment lien priority because he registered his judgment in New York before the Stansell Respondents registered their judgment

---

[1] John Doe has yet to create a judgment lien on the specific blocked accounts.  The Writs of Execution DE 2-3 (not served until after Stansell Respondents' lien was perfected on August 5) do not name any 'agency or instrumentality' of the FARC, or Grupo Arosfran.  The John Doe writ to BNYM is defective under New York law.  See CPLR § 5232.

2

in Illinois, but this is a misrepresentation of law governing the fundamental and dispositive issue of judgment lien priority.  Under both Illinois law and New York law, priority between competing judgment creditors lies with the judgment creditor who creates and perfects his judgment lien first in time. *See Gates v Syrian Arab Republic & JPMCB*, 755 F.3d. 568, 573 (7th Cir. 2014);  *City of New York, v. Panzirer*, 259 N.Y.S.2d. 284 (N.Y.Sup.Ct. 1965); *Musso v. Ostashko*, 468 F.3d 99, 106 (2d Cir. 2006)("a judgment creditor who seeks a lien on personal property must be the first to execute or levy on the property or his effort to obtain a lien may be thwarted"); *Kitson & Kitson v City of Yonkers*, 835 N.Y.S.2d. 670, 672 (2007)(execution was ineffective and lacked priority where creditor failed to <u>serve the execution</u> on the garnishee as required by CPLR 5232(a));  *Argiriou & Finkel v. Marciante Luncheonette Ii, Inc*., 315 N.Y.S.2d. 448, 451 (1970)( "under CPLR 5234 'in order for a judgment to attain status in ranking of priorities there must either be a levy, an order directing the delivery of property, or the appointment of a receiver.  Any other measures taken by the judgment creditor, no matter how diligent, on an absolute or comparative basis, do not suffice to qualify for priority.");  *Graze v. Bankers Trust Co*., 257 N.Y.S.2d. 483 (1965)(intervenor who had levied had priority over creditor who had only moved for turnover, and even subsequent turnover order would not defeat priority of the prior levy).

  The Stansell Respondents' clear judgment lien priority over JOHN DOE renders moot any alleged need for the interpleader action, and the garnishee banks can obtain a complete discharge from liability in NDIL under the Illinois Citation statute. *See Wyatt v. Syrian Arab Republic*, 800 F.3d. 331, 337-339 (7th Cir. 2015).  The other "potential" judgment creditor, ANTONIO CABALLERO, who never even served any form of creditor process on these banks, has now represented to this Court that he is not contesting the competing claims of the Stansell

Respondents or John Doe, nor does he claim any priority to these Blocked Accounts. DE 31. With respect to the blocked EFT originated by the SDGT Grupo Arosfran, none of the upstream EFT banks have ever made a claim despite multiple notices from the MDFL, NDIL and this Court, and Standard Chartered Bank ("SCB"), the immediate upstream counterparty to BNYM, has affirmatively disclaimed any interest therein. *See* DE 32-1; SCB's MDFL Answer DE 943. The sole claim of ownership to the remaining blocked assets held by BNYM is from the SDGT Grupo Arosfran [DE 33, pp. i-ii] who has already made a general appearance in the NDIL and is actively litigating there.

John Doe's Response also argues that the Stansell Respondents have no lien and that their "Citation to Discover Assets served in Illinois is a nullity because bank accounts, unlike intangible debts, are tangible assets over which a court sitting in garnishment proceedings must have in rem jurisdiction." DE 36, p. 6.[2] For this erroneous statement of law John Doe cites the Illinois district court decision *In re Marcos Human Rights Litigation*, 1997 WL 428544, at *2 (N.D. Ill. July 24, 1997).[3] Yet John Doe wholly ignores the recent 7th Circuit decision in *Gates v Syrian Arab Republic & JPMCB*, 755 F.3d. 568, 579 (7th Cir. 2014) where the Court held that:

> Under Illinois law, a court can attach a party's intangible assets as long as it has jurisdiction over the party, even if the assets are located outside the judicial district. In other words, jurisdiction does not depend on the location of the debtor's intangible assets. . *Park v. Townson & Alexander Inc*., 287 Ill.App.3d

---

[2] John Doe also misrepresents that the Citations were "served in Illinois". The Stansell Respondents Citations were issued in Illinois, but they were served on the garnishee banks in New York. See service returns Exs. 2-4 attached [filed at NDIL Case No. 15-cv-06826 as DE 14-15-16].

[3] The *In re Marcos Human Rights Lit*. decision is not binding or controlling authority like *Gates*, and is easily distinguishable on the facts. More importantly, the cited proposition is not a correct statement of Illinois law, or New York law, or Florida law. *See* Reply DE 42, pp. 4-5.

>772, 223 Ill.Dec. 163, 679 N.E.2d 107, 109 (1997). The Northern District of
>Illinois therefore had jurisdiction to decide the parties' dispute and to attach the
>Syrian assets.

*Id*. Incredibly, John Doe's Response continues with an even more egregious misrepresentation of law when he represents Illinois law as follows:

>"A garnishee proceeding is in the nature of a proceeding in rem, and to the effectual creation of a lien it is not enough that the garnishee be within the jurisdiction of the court issuing the process. The res itself must also be within the jurisdiction of such court." *Park v. Townson & Alexander, Inc*., 287 Ill. App. 3d 772, 773, 679 N.E.2d 107, 108-09 (3d Dist. 1997) (internal quotation marks and citation omitted)."

DE 36, p 7.  But John Doe fails to inform this Court that the passage he quotes from *Park v. Townson* was in fact a defense argument on a general rule for *tangible* property that in the very next sentence was specifically distinguished by the Illinois 3rd District Court of Appeal:

>However, in *Lancashire Insurance Co. v. Corbetts*, 165 Ill. 592, 46 N.E. 631 (1897), **the court explained that the general rule applies to tangible property having an actual situs in another state**. A debt, however, is intangible and jurisdiction does not depend on the situs of the debt. Instead, "a foreign corporation having property and agents in this State and transacting business here may be garnished in our courts for a debt"(*Lancashire*, 165 Ill. at 598, 46 N.E. at 633) regardless of the situs of the debt. *See also Pomeroy v. Rand, McNally & Co*., 157 Ill. 176, 41 N.E. 636 (1895) (garnishment is not limited to debts having situs in Illinois); Hannibal & St. Joseph R.R. Co. v. Crane, 102 Ill. 249 (1882) (Missouri corporation doing business in Illinois may be garnished for debt owed in Missouri). We hold, therefore, that the trial court had jurisdiction over the accounts payable in North Carolina.

*Id*. (emphasis added).  The SDGT Claimant/Owner Grupo Arosfran makes this identical misrepresentation of Illinois law in its Response DE 33, pp. 1-2.

Here, the blocked accounts held by the garnishee banks are all *intangible* property with no actual situs [See Reply DE 42, p. 5], and the 7th Circuit has clearly held that they are subject

5

to garnishment by Illinois courts so long as the court has personal jurisdiction over the garnishee. *See Gates, supra*. This Court under New York law also has the same authority to order turnover of assets held in other states so long as it has personal jurisdiction over the defendant or the garnishee. *See Koehler v. Bank of Bermuda*, 12 N.Y.3d. 533, 911 N.E.2d. 825 (2009); *Koehler v. Bank of Bermuda*, 577 F.3d. 497 (2d Cir. 2009); and Reply DE 42, pp. 4-6. Moreover, the scope of the Illinois court's jurisdiction is a question that can only be decided by the courts in Illinois, where it has already been fully briefed and is awaiting ruling by District Judge Gary Feinerman.

John Doe argues that the "first filed rule" supports denial of the motion to transfer to the NDIL because he *registered* his SDFL judgment in New York before the Stansell Respondents registered their MDFL Judgment in the NDIL. But it is filing of the action, not registration of a judgment in other districts for execution proceedings, that is controlling under the first-filed rule. *See Manufacturers Hanover Trust Co. v. Palmer Corp.,* 798 F.Supp. 161, 166 (S.D.N.Y.1992) ("whether the state filing date or the date of removal is the date to look to under the first-filed rule ... there is ample authority for the proposition that the state court filing date is the relevant benchmark."). Here, the Stansell Respondents filed suit in the MDFL in 2009 and their judgment was entered in 2010. John Doe's SDFL action was not filed until 2010 and his judgment was not entered until 2012.

Moreover, the first-filed doctrine does not apply to enforcement proceedings. *HSH Nordbank AG New York Branch v. Street*, , 2012 WL 2921875 at *6 (S.D.N.Y. 2012)("Since this Court entered judgment against the Judgment Debtors in 2010, discovery in aid of enforcement has proceeded both in this Court and in the Southern District of Florida. To enforce its judgment, HSH is entitled to proceed simultaneously in as many jurisdictions in which assets may be located.").

The NDIL court can provide the garnishee banks with discharge orders, including discharge from John Doe's New York restraining notices, that fully and completely protect them. *See* Reply DE 42, pp. 8-9.  John Doe has been afforded actual notice of the NDIL proceedings, he is fully able to file his objections there and Illinois law provides a clear procedure for a final discharge of the garnishee banks – without the unnecessary expense and delay of an interpleader action - even if John Doe chooses not to appear or file an objection there.

Accordingly, the Stansell Respondents respectfully request entry of an Order:

- determining that John Doe's service of the restraining notices on the garnishee banks did not perfect a judgment lien on any blocked assets under New York law;

- determining that the Stansell Respondents' August 5, 2015 service of their Illinois Citations to Discover Assets on the garnishee banks in New York perfected their judgment liens under 735 ILCS 5/2-1402 and *Gates v Syrian Arab Republic & JPMCB*, 755 F.3d. 568, 573 (7th Cir. 2014);

- transferring the BNYM Third Party Interpleader Complaint to the Northern District of Illinois in the interests of justice and for the convenience of the parties pursuant to 28 U.S.C. §1404(a), or in the alternative, dismissing the Third Party Interpleader Complaint as moot.

Dated this 17th day of November, 2015.  /s/ Tony Korvick
Tony Korvick, Esq.
Newt Porter, Esq.
PORTER & KORVICK, P.A.
Attorneys for Stansell Respondents
9655 S. Dixie Highway
Suite 208
Miami, FL 33156
305-373-5040
tkorvick@porterandkorvick.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2015, I served the foregoing via First Class International Mail, or First Class U.S. Mail, to the following persons who have yet to appear and renounce or waive their claims, and who are not believed to have received CM/ECF service upon filing:

TAJCO a/k/a GRAND STORES
62 Buckle Street
Banjul, The Gambia (Africa)

TAJCO a/k/a GRAND STORES
1 Picton Street
Banjul, The Gambia (Africa)

TAJCO a/k/a GRAND STORES
Dohat Building 1st Floor
Banjul, The Gambia (Africa)

TRUST BANK LTD.
Attn: Mr. Pa Macoumba Njie
Managing Director 3-4 Ecowas Avenue
P.O. Box 1018
Banjul, Gambia

ARAB GAMBIAN ISLAMIC BANK LTD.
Arab Gambia Islamic Bank Ltd.
Attn: Mr. Sirajo Salisu, CEO
7 Ecowas Avenue (Buckle St.)
P.O. Box 1415 Banjul, Gambia

By: */s/ Tony Korvick*
TONY KORVICK
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
(305) 373-5040   (305) 668-9154 FAX
tkorvick@porterandkorvick.com