IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH STANSELL, | ) | |
| MARC GONSALVES, | ) | Case No. 15-cv-06826 |
| THOMAS HOWES, | ) | |
| JUDITH JANIS, GREER JANIS, | ) | Judge Gary Feinerman |
| MICHAEL JANIS, AND | ) | |
| JONATHAN JANIS, | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REVOLUTIONARY ARMED FORCES | ) | |
| Of COLOMBIA (FARC), et al. | ) | |
| | ) | |
| Defendants. | ) | |
| v. | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Third-Party | ) | |
| Citation Respondent. | ) | |

THIRD-PARTY CITATION RESPONDENT THE BANK OF NEW YORK
MELLON'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 26 and 36, Third-Party Citation Respondent The Bank of New York Mellon ("BNY Mellon"), by its attorneys, responds and objects to Plaintiffs' First Request for Admissions dated September 15, 2015 (the "Request") as follows:

GENERAL OBJECTIONS

1. BNY Mellon objects to the Request on the ground that this Court is not the proper forum for Plaintiffs to conduct discovery in connection with their judgment enforcement efforts against judgment debtor Revolutionary Armed Forces of Colombia (the "FARC"). There is a prior judgment enforcement proceeding, entitled *John Doe v. Ejercito de Liberacion Nacional*,

Case No. 15-mc-00023-GLS-CFH, that is pending in the United States District Court for the Northern District of New York, and that was commenced by another judgment creditor of the FARC, John Doe ("Doe"), to obtain the turnover of the funds in the same blocked account at BNY Mellon (the "Blocked Account") that Plaintiffs seek to have turned over here and that is the subject of this Request. Doe has filed a turnover petition naming BNY Mellon as the respondent, and BNY Mellon has commenced an interpleader proceeding naming as third-party respondents all persons and entities – including the Stansell Plaintiffs, who have appeared in the interpleader proceeding – that have a potential interest in or claim to the funds in the Blocked Account. In addition, BNY Mellon has moved in this proceeding (*see* ECF No. 63) to transfer venue to the NDNY, stay this proceeding, or dismiss the proceeding for lack of *in rem* jurisdiction over the Blocked Account, which is located in New York. BNY Mellon's potentially dispositive motion to transfer, stay or dismiss this proceeding remains pending as of the date of this Response, and BNY Mellon's submission of this response to the Request is not, and shall not be deemed, a waiver of any arguments made by BNY Mellon in its motion or a concession, implicit or otherwise, that the Request is proper. BNY Mellon is serving a substantive response to the Request, rather than a blanket objection, solely to avoid the expected motion practice in which Plaintiffs would then engage as part of their vexatious procedural maneuvers in this proceeding and the NDNY proceeding.

2. BNY Mellon objects to the Request to the extent it seeks information that is neither relevant nor material to the enforcement of Plaintiffs' judgment against the FARC, and that is not reasonably calculated to lead to the discovery of admissible evidence.

3. BNY Mellon objects to the Request on the ground that the issue as to who has priority, if any, as between the Stansell Plaintiffs and Doe as to blocked assets held by BNY

2

Mellon is irrelevant to BNY Mellon's pending and potentially dispositive motion to transfer venue, stay this proceeding, or dismiss the proceeding for lack of *in rem* jurisdiction.

4. BNY Mellon objects to the disclosure of information relating to the identity of its customers and its business relationships or to the bank accounts, financial transactions or other non-public business activities of any person or entity that has dealt with BNY Mellon, directly or indirectly, and any other information that may be the confidential, proprietary or private information of any person or entity.

5. BNY Mellon objects to the disclosure of information that is protected from disclosure by applicable bank secrecy laws or other laws of any nation or state or any agency, branch, department or subdivision thereof that prohibit, restrict or impose conditions upon the disclosure of information and to the production of documents containing or reflecting such information.

6. BNY Mellon objects to the Request to the extent it is overbroad, vague, ambiguous or unduly burdensome and to the extent it seeks to impose obligations inconsistent with or in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable rules and statutes.

7. BNY Mellon objects to the disclosure of information that is protected from disclosure by the attorney-client privilege, the joint defense privilege, the work-product doctrine, the rules applicable to materials prepared in anticipation of litigation or for trial, the provisions of subdivision (b)(3) of Rule 26 or ILCS S. Ct. Rule 201(b)(2) or any other applicable privilege or doctrine that exempts information from production or disclosure. To the extent that any privileged or non-discoverable information is ever produced or disclosed in the future, such

production or disclosure is without prejudice to, and is not a waiver of, any subsequent assertion of privilege by BNY Mellon as to the information produced or disclosed or any other information.

8. No incidental or implied admissions are intended by these responses. The fact that BNY Mellon objects or responds to any specific Request shall not be deemed an admission that BNY Mellon accepts or admits the existence of any facts set forth or assumed by any specific Request. The fact that BNY Mellon responds to part or all of any specific Request is not intended, and shall not be construed, to be a waiver by BNY Mellon of any objection to any such Request, or a waiver of its position that this is not the proper forum in which Plaintiffs should seek the discovery sought in the Request.

9. BNY Mellon reserves its right to seek reimbursement for its attorneys' fees and other costs and expenses incurred in connection with its response to the Request.

10. The following responses are made on the basis of records and information currently available to and located by BNY Mellon upon reasonable investigation. BNY Mellon specifically reserves the right to modify, supplement, amend or otherwise revise its responses as it deems appropriate.

RESPONSES TO SPECIFIC REQUESTS FOR ADMISSION

1. Admit that Plaintiffs served their Third Party Citation to Discover Assets with Rider [Exhibit A attached] on BNYM on August 5, 2015.

Response to Request No. 1: Subject to and without waiving its General Objections, BNY Mellon admits that Plaintiffs served their Third Party Citation to Discover Assets with Rider on BNY Mellon on August 5, 2015.

2. Admit that on or before August 5, 2015, no other judgment creditor ever served a writ of execution from any court on BNYM naming the judgment debtor FARC.

4

Response to Request No. 2: Subject to and without waiving its General Objections, BNY Mellon admits that no other judgment creditor served it with a writ of execution, on or before August 5, 2015, naming the FARC *per se*, as distinct from instrumentalities of the FARC.

3. Admit that on or before August 5, 2015, no other judgment creditor ever served a writ of execution from any court on BNYM naming any agency or instrumentality of the FARC.

Response to Request No. 3: Subject to and without waiving its General Objections, BNY Mellon denies that no judgment creditor ever served a writ of execution on BNY Mellon, before August 5, 2015, naming any agency or instrumentality of the FARC. In or around late June 2015, the plaintiff in *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, No. 12-48803-CA-02, pending in the 11th Circuit Court for the State of Florida, Miami-Dade County, served BNY Mellon with multiple writs of execution naming persons and entities alleged to be instrumentalities of the FARC.

4. Admit that on or before August 5, 2015, no other judgment creditor ever served a writ of execution from any court on BNYM which specifically named or identified the blocked assets or blocked parties identified in the Rider attached to Plaintiffs' August 5, 2015 Third Party Citation to Discover Assets.

Response to Request No. 4: Subject to and without waiving its General Objections, BNY Mellon admits that, on or before August 5, 2015, no other judgment creditor served BNY Mellon with a writ of execution, as distinct from other forms of liens, that specifically applies to the Blocked Account, as defined herein.

5. Admit that on or before August 5, 2015, no other judgment creditor had obtained a turnover order in their favor against BNYM from any U.S. court with respect to the blocked assets or blocked parties identified in the Rider attached to Plaintiffs' August 5, 2015 Third Party Citation to Discover Assets.

Response to Request No. 5: Subject to and without waiving its General Objections, BNY Mellon admits that no judgment creditor had, by August 5, 2015, obtained an order directing the

5

turnover of the funds in the Blocked Account, and further states that, to its knowledge, no judgment creditors, including Plaintiffs, have ever obtained such an order.

6. Admit that on or before August 5, 2015, the only form of creditor process that JOHN DOE had served on BNYM was the Restraining Notice attached hereto as Exhibit B.

Response to Request No. 6: BYN Mellon objects to this Request on the ground, in addition to its General Objections, that the term "creditor process" is unintelligible, and BNY Mellon accordingly is not sure what it being asked of it. To the extent "creditor process" is meant as the service of a writ or other litigation lien, the request is duplicative of one or more of Plaintiffs' other requests (nos. 8, 9 and 10) relating specifically to John Doe.

7. Admit that the Restraining Notice attached as Exhibit B was identified and provided by BNYM counsel Steven Feigenbaum, Esq. via email to Plaintiffs' counsel on August 25, 2015.

Response to Request No. 7: BNY Mellon objects to this Request insofar as the word "identified" is vague and ambiguous as used in the request. Subject to and without waiving that specific objection and its General Objections, BNY Mellon admits that its counsel emailed the Restraining Notice, attached as Exhibit B to the Request, to Plaintiffs' counsel on August 25, 2015.

8. Admit that the Restraining Notice served by JOHN DOE on BNYM expressly states that it was issued pursuant to subdivision (b) of Section 5222 of the New York CPLR.

Response to Request No. 8: Subject to and without waiving its General Objections, BNY Mellon admits that the Restraining Notice that Doe caused to be served on BNY Mellon in SDNY Case No. 15-mc-00023 expressly states:

> NOW TAKE NOTICE that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with, any property of the judgment debtor or pay over or otherwise dispose of any debt to the judgment debtor or any blocked asset which according to TRIA may be used to satisfy the compensatory portion of the aforementioned judgment

6

against FARC to any person other than the sheriff, except under direction of the sheriff or pursuant to order of the court, until the expiration of one year after this notice is served upon you, or until the judgment is satisfied or vacated, whichever event occurs first.

9. Admit that only after August 5, 2015 did JOHN DOE ever serve a writ of execution on BNYM in NDNY Case No. 15-mc-00023.

Response to Request No. 9: Subject to and without waiving its General Objections, BNY Mellon admits that Doe served his writ of execution on BNY Mellon, in NDNY Case No. 15-mc-00023, after August 5, 2015, and specifically on August 13, 2015.

10. Admit that the writ of execution served after August 5, 2015 by JOHN DOE on BNYM in NDNY Case No. 15-mc-00023 does not name the Specifically Designated Global Terrorist GRUPO AROSFRAN or its blocked assets held by BNYM.

Response to Request No. 10: BNY Mellon objects to this Request to the extent it calls for legal conclusions or otherwise attempts to re-cast legal issues as matters of fact. Subject to and without waiving that specific objection or its General Objections, BNY Mellon admits that the writ of execution itself does not expressly refer to Grupo Arosfran, but states that Doe's counsel, by phone and email on August 13, 2015, stated to BNY Mellon's counsel that the writ applied specifically to Grupo Arosfran and Ovlas Trading.

Dated: October 15, 2015

/s/ Steven B. Feigenbaum, Esq.
Levi Lubarsky Feigenbaum & Weiss LLP
655 Third Avenue, 27th Floor
New York, NY 10017
(212) 308-6100
sfeigenbaum@llfwlaw.com

/s/ Edward J. Lesniak, Esq.
Burke, Warren, Mackay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
(312) 840-7000
elesniak@burkelaw.com

7

*Co-Counsel for Third-Party Citation Respondent*
*The Bank of New York Mellon*

8

# CERTIFICATE OF SERVICE

This is to certify that on October 15, 2015, I served the foregoing RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS via e-mail transmission to the counsel of record set forth below.

Dated:  October 15, 2015

/s/ *Steven B. Feigenbaum, Esq.*
Levi Lubarsky Feigenbaum & Weiss LLP
655 Third Avenue, 27th Floor
New York, NY 10017
(212) 308-6100
sfeigenbaum@llfwlaw.com
*Co-Counsel for Third-Party Citation Respondent
The Bank of New York Mellon*

The Law Offices of Elizabeth D. Sharp
Elizabeth D. Sharp, Esq.
200 S. Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 346-1726
lsharp@sharp-law.com
*Co-Counsel for Plaintiffs*

Porter & Korvick, P.A.
Tony Korvick, Esq.
Newt Porter, Esq.
9655 South Dixie Highway, Suite 208
Miami, FL 33156
(305) 373-5040
tkorvick@porterandkorvick.com
nporter@poreterandkorvick.com
*Co-Counsel for Plaintiffs*

Wilmer Cutler Pickering Hale and Dorr LLP
David Bowker, Esq.
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6558
david.bowker@wilmerhale.com
*Counsel for Grupo Arosfran, Ovlas Trading, S.A.*

Stack & O'Connor
Paul F. Stack, Esq.
140 S. Dearborn St.
Suite 411
Chicago, IL 60603-5232
312-782-0690
pstack@stacklaw.com
Co-*Counsel for Citation Respondent*
*Deutsche Bank Trust Company Americas*

Covington & Burling LLP
Mark P. Gimbel, Esq.
Gregory S. Nieberg, Esq.
620 Eighth Avenue
New York, NY 10018-1405
mgimbel@cov.com
gnieberg@cov.com
*Co-Counsel for Citation Respondent*
*Deutsche Bank Trust Company Americas*