IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN DOE,

    Petitioner/Judgment Creditor,        **Case No: 15-MC-00023-GLS-CFH**

                                                      **Judge Mae A. D'Agostino**

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants/Judgment Debtors,

and

THE BANK OF NEW YORK MELLON

    Respondent,
_____

THE BANK OF NEW YORK MELLON

    Third Party Petitioner,

v.

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
GREER C. JANIS, MICHAEL I. JANIS,
CHRISTOPHER T. JANIS, JONATHAN
JANIS, ANTONIO CABALLERO, GROUP
ARPOSFRAN EMRE PARTICACOA (A/K/A
GRUPO AROSFRAN EMPREENDIMENTOS
E PARTICIPACOES S.A.R.L.) OVLAS
TRADING, S.A., BANCO AFRICANO DE
INVESTIMENTOS, ANGOLA and
STANDARD CHARTERED BANK,

    Third Party Respondents.
_____

## NOTICE OF SUPPLEMENTAL AUTHORITY

Doe files this Notice of Supplemental Authority in support of his Response to Third-Parties' Motion to Vacate. Within the last few weeks, the Second Circuit Court of Appeals ruled in *Baker v. Gates*, No. 14-cv-4371, 2015 WL 9461824 (2d Cir. Dec. 28, 2015), a strikingly similar case. Just as here, Baker and Gates were competing judgment creditors with default judgments against Syria for terrorist acts. *See id.* at *1. Gates moved, under Federal Rule of Civil Procedure 60(b)(4), to vacate Baker's judgment, just as Third-Parties do here. *See id.* at *2. The district court denied the motion and the Second Circuit affirmed the holding that the "Gates Plaintiffs lacked standing to bring the Rule 60(b) motion [because] [o]n its face, Rule 60(b) affords relief from judgment only to 'a party or its legal representative.'" *Id.* at *2 (citations omitted). Under Second Circuit law, any exceptions to this black letter law "are so factually cabined" that the Court has "summarily refused" to extend their reach "more broadly." *Id.* Most importantly, the Court explicitly refused to do so under the "instant situation," a "situation" perfectly analogous to the case at bar. *Id.*

Dated this 18th day of January, 2016.

Respectfully submitted,

/s/Brett E. von Borke
Brett E. von Borke
New York Bar No. 5258876
vonborke@bucknermiles.com
**BUCKNER + MILES**
2811 SW 3rd Avenue
Miami, FL 33129
Telephone No.: 305-964-8003
Facsimile: 786.523.0485

*Counsel for Plaintiff/Judgment Creditor*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was filed electronically with the Clerk of the Court via the CM/ECF system on this 18th day of January, 2016, and all parties that have entered their appearances in this action will receive notice thereby and may access the filing through the Court's CM/ECF system.

                                          /s/Brett E. von Borke
                                          Brett E. von Borke
                                          vonborke@bucknermiles.com