**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN DOE,**

                              **Plaintiff,**

    **vs.**                                                     **1:15-mc-0023**
                                                                     **(MAD/CFH)**

**EJERCITO DE LIBERACION NACIONAL, a/k/a National Liberation Army, a/k/a ELN, and FUERZAS ARMADAS REVOLUCIONARIOS DE COLOMBIA a/k/a FARC, a/k/a Revolutionary Armed Forces of Columbia,**

                              **Defendants,**

    **vs.**

**BANK OF NEW YORK MELLON,**

                              **Garnishee,**

    **vs.**

**GRUPO AROSFRAN EMPREENDIMENTOS E PARTICIPACOES SARL, a/k/a Grupo Arposfran Emre Particacoe, and OVLAS TRADING, S.A.,**

                              **Claimants.**
_____

**BANK OF NEW YORK MELLON**

                            **Third Party Plaintiff,**

    **vs.**

**BANCO AFRICANO DE INVESTIMENTOS, ANGOLA; ANTONIO CABALLERO; GRUPO AROSFRAN EMPREENDIMENTOS E PARTICIPACOES SARL, a/k/a Grupo Arposfran Emre Particacoe; and OVLAS TRADING, S.A.,**

                            **Third Party Defendants.**
_____

**BANK OF NEW YORK MELLON**

                            **Counter Claimant,**

    **vs.**

**JOHN DOE,**

                              **Counter Defendant.**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **GROSSMAN ROTH, P.A.**<br>2525 Ponce de Leon<br>Suite 1150<br>Coral Gables, Florida 33134<br>Attorneys for Plaintiff and Counter Defendant | **BRETT E. VON BORKE, ESQ.** |
| **DO CAMPO & THORNTON, P.A.**<br>100 SE 2d Street<br>Suite 2700<br>Miami, Florida 33131<br>Attorneys for Plaintiff and Counter Defendant | **JOHN A. THORNTON, ESQ.** |
| **LEVI LUBARSKY FEIGENBAUM &**<br>**WEISS LLP**<br>655 Third Avenue<br>27th Floor<br>New York, New York 10017<br>Attorneys for Garnishee, Third Party Plaintiff,<br>and Counter Claimant | **STEVEN B. FEIGENBAUM, ESQ.**<br>**WALTER E. SWEARINGEN, ESQ.** |
| **WILMER CUTLER PICKERING HALE**<br>**& DORR LLP - D.C. OFFICE**<br>1875 Pennsylvania Avenue N.W.<br>Washington, District of Columbia 20006<br>Attorneys for Claimants | **DAVID W. BOWKER, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      Currently before the Court is a letter motion dated March 1, 2016 (Dkt. No. 62), by Third-Party Plaintiff Bank of New York Mellon ("BNY Mellon"), requesting vacatur or modification of this Court's prior Memorandum-Decisions and Order, dated January 8, 2016, requiring the deposit of the money held in the blocked accounts identified in BNY Mellon's interpleader petition (the "Blocked Funds").

BNY Mellon has invoked 28 U.S.C. § 1335 to establish this Court's jurisdiction of its interpleader petition. *See* Dkt. No. 18 at 8. That statute provides, in relevant part, that a district court "shall have original jurisdiction of any civil action of interpleader . . . if . . . the plaintiff has deposited such money or property . . . into the registry of the court . . . or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C. § 1335(a)(1)-(2).

BNY Mellon's request that this Court permit the interpleader action to proceed in the absence of a deposit of funds or other mechanism for compliance with the interpleader statute cannot be squared with the plain meaning of Section 1335. *See Metal Transp. Corp. v. Pac. Venture S.S. Corp.*, 288 F.2d 363, 365 (2d Cir. 1961). The sole decision cited by BNY Mellon in support of its argument that deposit is a prudential, rather than jurisdictional, requirement under Section 1335 is *Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.*, No. 84 Civ. 3728, 1984 WL 635, *2-3 (S.D.N.Y. July 16, 1984). The Court's research has disclosed no decision citing *Price* favorably for this proposition; rather, multiple courts in the Second Circuit have repeatedly characterized Section 1335's requirements as jurisdictional and have suggested that *Price* is not good law. *See, e.g.*, *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 395-96 (S.D.N.Y. 2006) ("The deposit of [interpleader] funds is a jurisdictional requirement. . . . To the extent that Price stands for the proposition that the deposit requirement is not jurisdictional, this does not appear to find support in the case law"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ambassador Grp., Inc.*, 691 F. Supp. 618, 621 (E.D.N.Y. 1998) (holding that the requirements of Section 1335 are jurisdictional). The relief requested by BNY Mellon is, therefore, inconsistent with the jurisdictional requirements of the interpleader statute.

3

However, given BNY Mellon's representations regarding applicable federal regulations prohibiting the transfer of the Blocked Funds, coupled with the safety and security of the Blocked Funds during the pendency of this litigation, the motion for modification of the Court's order is granted, to the extent that BNY Mellon will be permitted to post an unsecured bond with the Clerk of this Court, as contemplated by the second clause of Section 1335(a)(2).

Accordingly, after considering BNY Mellon's submissions and the applicable law, the Court hereby

**ORDERS** that this Court's January 8, 2016 Memorandum-Decision and Order (Dkt. No. 52), requiring BNY Mellon to deposit the Blocked Funds, is hereby modified such that BNY Mellon may satisfy the requirements of the January 8, 2016 Memorandum-Decision and Order by posting an unsecured bond in the form annexed hereto as Exhibit A, in the amount of $1,000 (the "Bond") with the Clerk of the Court, which shall be posted by **March 25, 2016**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 10, 2016
      Albany, New York

_Mae A. D'Agostino_
U.S. District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BANK OF NEW YORK MELLON**

                      **Third Party Plaintiff,**

    **vs.**                                                  **1:15-mc-0023**
                                                             **(MAD/CFH)**

**BANCO AFRICANO DE INVESTIMENTOS,**
**ANGOLA; ANTONIO CABALLERO; GRUPO**
**AROSFRAN EMPREENDIMENTOS E**
**PARTICIPACOES SARL, a/k/a Grupo Arposfran**
**Emre Particacoe; and OVLAS TRADING, S.A.,**

                      **Third Party Defendants.**
_____

## INTERPLEADER ACTION BOND

     Bank of New York Mellon ("BNY Mellon"), by and through its undersigned authorized representative, hereby agrees to comply with the orders and judgments entered by the Court, including but not limited to any order to transfer or deposit the hereinafter identified funds, which shall be done in accordance with all applicable regulations set in place by the Office of Foreign Assets Control ("OFAC") for the transfer of such blocked funds, with respect to the disposition of the funds at issue in the above-captioned interpleader proceeding, namely:

           (1)    Funds totaling $2,506,421.00 on deposit with BNY Mellon in Oriskany, New York in an account ending in -8400 and identified by BNY Mellon in its interpleader petition.

### AMOUNT OF BOND

This is an unsecured bond in the amount of $1,000.

### FORFEITURE

This bond may be forfeited if BNY Mellon does not comply with the above agreement. The Court may enter a judgment of forfeiture against BNY Mellon for the entire amount of the bond, including interest and costs, if BNY Mellon does not comply with the agreement.

## RELEASE

The Court may terminate this bond at any time. The bond will be satisfied and the obligation released when either: (1) this action is dismissed; or (2) BNY Mellon complies with a dispositive judgment of this Court.

## ACCEPTANCE

The undersigned declares under penalty of perjury that he/she has read this bond and agrees to its terms and conditions.

Date: _____     By: _____
                            Bank of New York Mellon


                            *Clerk of Court*


Date: _____     By: _____
                            *Signature of Clerk or Deputy Clerk of Court*