**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JOHN DOE,**

                                              **Plaintiff,**

      **vs.**                                                                    **1:15-mc-23**
                                                                                                                   **(MAD/CFH)**

**EJERCITO DE LIBERACION NACIONAL, a/k/a**
**National Liberation Army, a/k/a ELN, and FUERZAS**
**ARMADAS REVOLUCIONARIOS DE COLOMBIA,**
**a/k/a FARC, a/k/a Revolutionary Armed Forces of**
**Columbia,**

                                              **Defendants,**

      **vs.**

**BANK OF NEW YORK MELLON,**

                                              **Garnishee,**

      **vs.**

**GRUPO AROSFRAN EMPREENDIMENTOS E**
**PARTICIPACOES SARL, a/k/a Grupo Arposfran**
**Emre Particacoe, and OVLAS TRADING, S.A.,**

                                              **Claimants.**

_____

**BANK OF NEW YORK MELLON,**

                                              **Third Party Plaintiff,**

      **vs.**

**BANCO AFRICANO DE INVESTIMENTOS,**
**ANGOLA; ANTONIO CABALLERO; GRUPO**
**AROSFRAN EMPREENDIMENTOS E**
**PARTICIPACOES SARL, a/k/a Grupo Arposfran**
**Emre Particacoe; and OVLAS TRADING, S.A.,**
**Third Party Defendants.**

_____

**BANK OF NEW YORK MELLON**

                                              **Counter Claimant,**

**vs.**

**JOHN DOE,**

                                                    **Counter Defendant.**

_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |

| | |
|---|---|
| **GROSSMAN ROTH, P.A.** | **BRETT E. VON BORKE, ESQ.** |

2525 Ponce de Leon
Suite 1150
Coral Gables, Florida 33134
Attorneys for Plaintiff and Counter Defendant

| | |
|---|---|
| **DO CAMPO & THORNTON, P.A.** | **JOHN A. THORNTON, ESQ.** |

100 SE 2d Street
Suite 2700
Miami, Florida 33131
Attorneys for Plaintiff and Counter Defendant

| | |
|---|---|
| **LEVI LUBARSKY FEIGENBAUM &** | **STEVEN B. FEIGENBAUM, ESQ.** |
| **WEISS LLP** | |

655 Third Avenue
27th Floor
New York, New York 10017
Attorneys for Garnishee, Third Party Plaintiff,
and Counter Claimant

| | |
|---|---|
| **BECKER, GLYNN, MUFFLY, CHASSIN &** | **WALTER E. SWEARINGEN, ESQ.** |
| **HOSINSKI LLP** | |

299 Part Avenue, 16th Floor
New York, New York 10171
Attorneys for Garnishee, Third Party Plaintiff,
and Counter Claimant

| | |
|---|---|
| **ZUCKERMAN SPAEDER LLP** | **NELL PEYSER, ESQ.** |

485 Madison Avenue
Ste 10th Floor
New York, New York 10022
Attorneys for Claimants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Plaintiff commenced this action on June 3, 2015, for the registration of a foreign judgment against Ejercito De Liberacion Nacional ("ELN") and Revolucionarios de Columbia (the "FARC") (collectively "Defendants"), and filed an application for a turnover order directed at accounts held by Bank of New York Mellon ("BNY Mellon").  On September 18, 2015, BNY Mellon filed a third party petition in interpleader against Grupo Arosfran Empreendimentos E Participacoes SARL ("Grupo"), Ovlas Trading, S.A. ("Ovlas"), Keith Stansell, Christoper Janis, Thomas Howes, Judith Janis, Marc Gonsalves, Jonathan Janis, Michael Janis, and Greer Janis (collectively, the "Stansell Respondents"), Banco Africano de Investimentos ("Banco Africano"), Standard Chartered Bank ("SCB"), and Antonio Caballero.  *See* Dkt. No. 18.

Plaintiff received a judgment in the amount of $36,800,000 against Defendants in the Southern District of Florida on January 5, 2012.  *See* Dkt. No. 1 at 2.  This Court issued writs of execution for this judgment against Defendants on June 25, 2015, July 15, 2015, and March 14, 2016.  *See* Dkt. Nos. 2, 3, 65.  Pursuant to these writs of execution, Plaintiff initiated a turnover proceeding on August 10, 2015, against BNY Mellon.  *See* Dkt. No. 4.  Specifically, Plaintiff seeks funds in BNY Mellon's custody belonging to Grupo and Ovlas, whom are alleged to be "agencies or instrumentalities" of the FARC.  *See id.* at 4-5.  Plaintiff commenced a similar action in the United States District Court for the Southern District of New York seeking funds belonging to other alleged agencies or instrumentalities of the FARC that are held by JP Morgan Chase Bank.  *See* Dkt. No. 24-16.

The Stansell Respondents, who also hold a judgment against the FARC, commenced similar judgment registration and turnover proceedings directed at BNY Mellon, JP Morgan Chase, and Deutsche Bank in the Northern District of Illinois.  *See* Dkt. No. 24-15 at 21.  On August 5, 2015, citations to discover assets were issued from that court as to assets held by BNY

Mellon in the names of Grupo and Ovlas. *See* Dkt. No. 24-10. The Stansell Respondents were brought into this action by the interpleader complaint of BNY Mellon. *See* Dkt. No. 18. However, the Stansell Respondents filed of a stipulation of voluntary dismissal of their claims in this action on February 24, 2016. *See* Dkt. No. 61.

On May 15, 2020, Plaintiff was ordered to show cause, in writing, on or before May 26, 2020, why the Court should not dismiss this action. *See* Dkt. No. 75 at 5-6. Plaintiff was warned that failure to respond to the order to show cause would result in dismissal of this action. *See id.* at 6. Plaintiff has not responded to the order to show cause. Accordingly, for the reasons set forth below, the complaint is dismissed.

The International Emergency Economic Powers Act ("IEEPA") authorizes the Treasury Department to designate persons or organizations as Specifically Designated Global Terrorists ("SDGTs"). *Doe v. JPMorgan Chase Bank, N.A.*, 899 F.3d 152, 154 (2d Cir. 2018) (citing 66 Fed. Reg. 49,079 (Sept. 23, 2001)). The IEEPA further provides that "'property and interests in property' of SDGTs are 'blocked' and 'may not be transferred, paid, exported, withdrawn or otherwise dealt in' if the property or interest is either in the United States or comes within the possession or control of a U.S. person." *Id.* (quoting 31 C.F.R. § 594.201(a)). However, the Terrorism Risk Insurance Act ("TRIA") permits a plaintiff to execute a judgment against blocked assets or a terrorist party or its agency or instrumentality if it meets certain criteria. *See id.* at 156 (citations omitted). "Courts applying TRIA in the EFT context look to state law to define the rights a judgment debtor has in the property a creditor seeks to reach." *Id.* (citation omitted).

Here, Plaintiff seeks the funds at issue pursuant to the TRIA and argues that his right to the funds is based on Grupo's and Ovlas' connection with Defendants. *See* Dkt. No. 4 at ¶ 11. However, the central question is whether Grupo and Ovlas have a property interest in the blocked

accounts. *See Doe*, 899 F.3d at 157. If Grupo and Ovlas do not have a property interest in the blocked accounts, then the funds are unreachable under the TRIA. *See id.*

In October 2009, an EFT was initiated by Grupo, sent to Banco Africano, as the originator's bank, then to SCB, as Banco Africano's correspondent bank, before it was blocked by BNY Mellon. *See* Dkt. No. 18 at ¶ 52. BNY Mellon stopped the transaction and held the funds because Grupo and Ovlas were designated as SDGTs at the time of the transfer. *See id.*

In the Southern District of New York action, the court denied Plaintiff's motion for a turnover order, finding that because the SDGTs did not have a property interest in the funds seized, Doe could not reach the funds under the TRIA. *See Doe v. Ejercito De Liberacion Nacional*, No. 15-CV-8652, 2017 WL 591193, *2-3 (S.D.N.Y. Feb. 14, 2017). There, the court found that the funds were the property of the intermediaries that transferred the funds to the United States financial institutions, not the originators. *See id.* The court's decision was appealed and the Second Circuit affirmed. *See Doe*, 899 F.3d at 154.

On appeal, the Second Circuit explained that "EFTs are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank." *Doe*, 899 F.3d at 156 (citing *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014)). In fact, "'the *only* entity with a property interest in the stopped EFT is the entity that passed the EFT on to the bank where it presently rests.'" *See id.* (quoting *Hausler*, 700 F.3d at 212) (emphasis in original).

Here, it is undisputed that the EFT, which was initiated by Grupo, passed from Banco Africano and SCB, as the originator's bank, to BNY Mellon. *See* Dkt. No. 18 at ¶ 52; Dkt. No. 40 ¶52. Thus, neither Grupo nor Ovlas have a property interest in the funds. Therefore, the funds

which Plaintiff seeks in this action are unreachable under the TRIA.  *See Doe*, 2017 WL 591193, at \*2-3.

Accordingly, the Court hereby

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 28, 2020
          Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**